UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:
    George W. Corkran and
    Debra L. Corkran,

Case No. 13-30909
Chapter 7

                    Debtors.

Appearances:

Richard T. Ward, Esq.                                     *for Debtors*
2103 Milton Ave
Syracuse, NY 13209

Jacob Oslick, Esq.                                        *for ORICS Industries, Inc.*
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018

Guy Van Baalen, Esq.                               *for United States Trustee*
10 Broad Street, Room 105
Utica, NY 13501

## Memorandum-Decision and Order Denying Debtors' Motion to Reopen

George W. Corkran ("Debtor") and Debra L. Corkran (jointly, "Debtors") filed a motion to reopen their chapter 7 case (Doc. 19) ("Motion"). The purpose of the Motion is to allow Debtors to amend their schedules and add an employment claim for back wages, which had been omitted as an asset in their original bankruptcy filing. Debtor's former employer, ORICS Industries, Inc. ("ORICS") objected, and the court held a hearing to consider the Motion on February 14, 2019. For the reasons which follow, Debtors' Motion is denied.

1

*Procedural and Factual History*

The essential facts are not disputed. Debtor was employed by ORICS from July 2006 through April 2009. Debtor claimed that ORICS had denied him his rightful wages during his period of employment and engaged labor and employment counsel in 2009 to represent him in the dispute. While the claim was still unresolved, Debtors engaged separate bankruptcy counsel and on May 16, 2013, filed this chapter 7 case. In their sworn schedule of assets filed with the court, Debtors did not list the claim for back wages, and on June 21, 2013, the chapter 7 trustee issued a report of no distribution. While Debtors' bankruptcy case remained open, Debtor commenced an action against ORICS in New York Supreme Court, Madison County, for monies alleged to be due and owing to him during the three years of his employment ("Employment Action").

With no disclosure of the pending Employment Action by the Debtors nor knowledge of this asset by the court, this court issued discharges on behalf of Debtors on August 21, 2013. Debtors' $26,100 of listed general unsecured debt owed to 11 creditors was discharged and the bankruptcy case was closed. Only subsequently—in the course of discovery in the Employment Action—did ORICS discover that Debtors had earlier filed for bankruptcy and had not listed the asset in their schedules. This prompted ORICS to file a motion for summary judgment in state court seeking dismissal of the Employment Action. The matter came before Acting Supreme Court Justice Donald F. Cerio, Jr.

On November 14, 2018, Justice Cerio issued a decision conditionally dismissing the Employment Action. (Decision and Order by Hon. Donald F. Cerio, Jr., *Corkran v. Orics Industries, Inc.,* N.Y. Sup.Ct., Madison County, Index No. 2013-1512 (November 14, 2018). Exhibit H, Doc. 22-9) ("Decision"). As part of his findings, Justice Cerio specifically found that

Debtor's failure to disclose the asset in his bankruptcy "was not a good faith mistake or inadvertent error." Decision at p. 5.

Debtor sought to cure the defect by moving before this court to reopen his case and have a trustee appointed. Wisely and appropriately, Justice Cerio deferred to this court on the issue of whether the bankruptcy proceeding should be reopened. He determined to hold his Decision in abeyance until such time as this court rendered its determination as to whether to reopen the bankruptcy case. Justice Cerio wrote, "[i]f the bankruptcy court grants the plaintiff's motion to reopen the bankruptcy proceeding the present matter will be stayed subject to further review upon conclusion of the bankruptcy proceeding. If the bankruptcy court denies the plaintiff's motion to reopen the bankruptcy proceeding the present Decision and Order will immediately become effective without further action by this court." Decision at p. 5.

*Discussion*

This court fully supports Justice Cerio's dismissal of the Employment Action as the Debtor had no standing to bring the Employment Action at the time it was filed nor at any time since. In a chapter 7 case, only the trustee has standing to bring litigation claims, not the debtor. *Mintz v. Transworld Sys., Inc.*, 2016 WL 4367221, at *4 (E.D.N.Y. May 16, 2016) ("[b]ecause the Chapter 7 trustee has the exclusive right to assert claims on behalf of the bankruptcy estate, [debtor] lacks standing to bring the claims he asserts in this action, and his Complaint should be dismissed."). Furthermore, when the chapter 7 estate was closed, the employment claim did not devolve back to the Debtor. "[I]f a debtor fails to disclose an asset, the asset remains property of the estate until administered or abandoned by the trustee, even after the case is closed." *In re Dicks*, 579 B.R. 704, 708 (Bankr. E.D.N.Y. 2017) (citing 11 U.S.C. section § 554(d)).

*Legal Standard Governing Authority to Reopen*

Bankruptcy Code Section 350(b) provides that the bankruptcy court may reopen a case, "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Reopening is discretionary with the court, *In re Emmerling*, 223 B.R. 860, 864 (2d Cir. B.A.P. 1997), and as recognized by Justice Cerio in his Decision, the bankruptcy court has "wide latitude" in exercising its discretion. Decision at p. 5. The court "may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." *Emmerling*, 223 B.R. at 864.

In weighing whether cause exists to reopen a case, there are various factors which courts have considered.[1] Of these, the primary factor for consideration is the potential benefit to creditors of the estate. *In re Arana,* 456 B.R. 161, 173 (Bankr. E.D.N.Y. 2011); *In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013). Part of the established factual record before the court is Justice Cerio's finding that Debtor has not acted in good faith and that his failure to disclose his employment claim in his bankruptcy was not inadvertent. Although that fact may inform the court's equitable considerations, it does not trump the primary analysis of whether the undisclosed asset would benefit creditors if the case were to be reopened. *See Easley-Brooks*, 487 B.R. at 407 (citing *In re Dewberry*, 266 B.R. 916, 921 (Bankr. S.D. Ga. 2001)).

---

[1] These factors include:  1) The length of time that the case was closed;  2) Whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; 3) Whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum; 4) Whether any parties would suffer prejudice should the court grant or deny the motion to reopen; 5) The extent of the benefit to any party by reopening; and 6) Whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen. *In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017)

*Debtors' Creditors Would Not Benefit from a Reopening of the Case*

It has been almost six years since the Debtors' creditors received notice of Debtors' bankruptcy filing and the ultimate discharge of their debts. On Schedule F, filed with their bankruptcy petition, Debtors listed a total of 11 general unsecured creditors (Doc. 1). Total debt listed as owed to these creditors was $26,100, averaging $2,373.00 per creditor. These creditors are all banks or financial services firms that held debts consisting of outstanding credit card balances. Given the passage of time, it is most likely that these accounts have long been written off or bundled and sold to third parties on the secondary market. In this court's view, were this case reopened, none of these creditors would respond to a notice and file a proof of claim to participate in any distribution in the case.

Assistant United States Trustee Guy Van Baalen joined in expressing this concern at the hearing. Mr. Van Baalen stated that in his thirty years of experience with the United States Trustee program, it has been very difficult to entice major commercial lending institutions to respond to cases in which such small amounts are in question. This is particularly so where, as here, a case has been closed for more than five years. Mr. Van Baalen suggested that in this case, the administrative burden is likely too great to be worthwhile. Various courts have engaged in a similar cost-benefit analysis.[2] In this case, the court agrees with the Office of the United States Trustee that this factor weighs against reopening.

---

[2] *In re Lowery*, 398 B.R. 512, 516 (Bankr. E.D.N.Y. 2008) (finding $13,249.90 in claims held by four creditors - $3,312.48 per creditor – to be insufficient to reopen); *Easley-Brooks* 487 B.R. at 409 (finding that $112,862.83 claims held by seven creditors -$16,123.26 per creditor - who had counsel ready to work on a contingency basis was sufficient basis to reopen); *Arana*, 456 B.R. at 175 (reopening case based on finding that the potential benefit of $112,862.82 in claims held by thirty creditors - $3,762.09 per creditor – outweighed the difficulty of locating such creditors).

*Relative Benefit or Prejudice to Other Parties*

For five years, ORICS was forced to litigate and defend against a claim that the Plaintiff-Debtor had no legal standing to assert. Clearly, ORICS would be prejudiced by a reopening of this bankruptcy case which would involve increased costs and attorney fees. Whatever settlement of the employment claim could be reached with a trustee would never account for the protracted litigation fees and costs that have unnecessarily been incurred to date.

The only parties who stand to potentially benefit from a reopening of this case are the Debtors. Since equitable considerations factor into the determination as to whether to reopen this case, the court resoundingly concludes that equity does not favor the Debtors. In failing to disclose an asset–a failure that could have resulted in denial of discharge and criminal liability–Debtors abused the bankruptcy system and cannot now plead equity and seek to benefit from that very asset. "He who comes into equity must come with clean hands." *Manufacturers' Finance Co. v. McKey,* 294 U.S. 442, 451 (1935); *see also Henderson v. U.S.*, 135 S.Ct. 1780, 1783 fn. 1 (2015) (reaffirming that the unclean hands doctrine applies where an individual's misconduct has an "immediate and necessary relation to the equity that he seeks.") Under the circumstances, equitable considerations weigh against granting relief in favor of the Debtors.

*Conclusion*

For the foregoing reasons, Debtors' Motion is denied.

So Ordered.

Dated: February 25, 2019
Syracuse, New York

Margaret Cangilos-Ruiz
United States Bankruptcy Judge